IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BRITNEY G. AUSTIN**                                                                       **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 5:13-CV-28-KS-MTP**

**BAYER PHARMACEUTICALS
CORPORATION, et al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [32].

### I. BACKGROUND

This is a product liability case concerning Mirena, an intrauterine contraceptive device. Plaintiff started using Mirena on October 22, 2009. Several months later – on Sunday, March 7, 2010 – she sought medical treatment for abdominal pain. Plaintiff told the physician that she had experienced abdominal pain since Thursday, March 4, 2010. She became concerned about it after seeing a television commercial about Mirena and abdominal pain.

Plaintiff sought additional medical treatment in April 2010, November 2010, April 2011, October 2011, and October 2012. Over this period of time she experienced severe abdominal pain, irregular cycles, abnormal bleeding, urinary tract infection, nausea, constipation, and ovarian cysts. In December 2012, she had the Mirena device

removed, upon the advice of her physician. In at least one subsequent appointment – in February 2013 – Plaintiff reported some of the same symptoms listed above, and she alleges that she continues to suffer from medical problems caused by Mirena.

On March 5, 2012, Plaintiff initiated the present litigation against Defendant, the company that designed, manufactured, and marketed Mirena. Defendant filed a Motion to Dismiss [32], which is ripe for review.

## II. DISCUSSION

### A.   *Mootness*

Plaintiff argues that Defendant's current Motion to Dismiss [32] is moot. The Court denied Defendant's first Motion to Dismiss [9] as moot. That motion concerned Plaintiff's Second Amended Complaint [6], but the Court allowed Plaintiff to file a Third Amended Complaint [29], which Defendant's second Motion to Dismiss [32] concerns. The motion, therefore, is not moot.

### B.   *Statute of Limitation*

Defendant relied upon certain medical records [26] which Plaintiff presented earlier. The records were not referenced in the pleadings. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (documents are part of pleadings only if referred to in the complaint and central to plaintiff's claims). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The Court notified the parties [41] that

it intended to construe Defendant's Rule 12(b)(6) motion as a Rule 56 motion and consider the medical records, and it also gave Plaintiff a chance to supplement the record. Plaintiff supplemented the record with medical records that appear to be identical to the ones previously submitted. The record is complete, and the Court may now consider Defendant's motion.

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials,

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Defendant argues that all of Plaintiff's causes of action are barred by the applicable statutes of limitation. Plaintiff's counsel chose a "shotgun" approach to pleading, asserting a wide variety of claims.[1] The Court will examine each cause of action.

　　*1.　Negligence/Gross Negligence*

The statute of limitation for negligence actions is three years. MISS CODE ANN. § 15-1-49(1); *Alston v. Pope*, 112 So. 3d 422, 424 n. 3 (Miss. 2013). A negligence action accrues when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. MISS. CODE ANN. § 15-1-49(2); *Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010); *Garlock Sealing Techs., LLC v. Pittman*, – So. 3d – , 2010 Miss. LEXIS 539, at *18-*19 (Miss. Oct. 14, 2010).

Defendant argues that Plaintiff knew of her injury on March 4, 2010 – the date on which she first experienced abdominal pain. Plaintiff argues that she did not know

---

[1]The Court has, in the past, criticized this sort of pleading. *See, e.g., Dykes v. Husqvarna Outdoor Prods., N. A.*, 869 F. Supp. 2d 749, 755 (S.D. Miss. 2012); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005); *Salcido v. Univ. of S. Miss.*, 2012 U.S. Dist. LEXIS 25136, at *15 (S.D. Miss. Feb. 28, 2012); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, 2012 U.S. Dist. LEXIS 24420, at *27 (S.D. Miss. Feb. 27, 2012). Indeed, the Fifth Circuit has expressed distaste for complaints that take a "shotgun approach to pleadings . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986).

of her injury until March 7, 2010 – the date on which a doctor provided a diagnosis. The question for the Court, therefore, is whether the term "injury," as used in § 15-1-49(2), refers to the symptoms of an underlying medical condition or the medical condition itself. In other words, does a plaintiff's claim accrue when they first experience symptoms, or when they receive a diagnosis of the medical condition underlying the symptoms?

The Mississippi Supreme Court addressed this issue in *Phillips 66 Co. v. Lofton*, 94 So. 3d 1051 (Miss. 2012), an asbestosis case. The plaintiff filed suit on May 19, 2004. *Id.* at 1059. He began exhibiting symptoms of pulmonary fibrosis – which is associated with asbestosis – as early as 1995, when he sought medical treatment for unrelated matters. *Id.* He did not seek medical treatment for pulmonary issues until 2003. *Id.* At that time, a doctor diagnosed him with fibrosis. The Court held that he "could not reasonably have known about his injury until he sought treatment in September 2003 for symptoms associated with his asbestosis and was diagnosed with pulmonary fibrosis." *Id.*[2]

Here, it is undisputed that Plaintiff experienced symptoms of her injury as early as March 4, 2010. But she did not seek treatment and receive a diagnosis of the injury until March 7, 2010. A cause of action accrues "when the plaintiff can reasonably be held to have knowledge of the injury or disease." *Owens-Illinois, Inc. v. Edwards*, 573

---

[2]*See also Schiro v. American Tobacco Co.*, 611 So. 2d 962, 965 (Miss. 1992) (plaintiff's cause of action accrued when she was diagnosed with cancer, not when she discovered a mass that was later diagnosed as cancer).

5

So. 2d 704, 709 (Miss. 1990); *see also Angle*, 42 So. 3d at 6. According to the evidence in the record, all Plaintiff knew on March 4, 2010, was that she had abdominal pain. As *Lofton* demonstrates, she can not reasonably be held to have had knowledge of her injuries at that time.

Defendant also argues that Plaintiff knew the *cause* of her injury/symptoms. That is, Defendant contends that Plaintiff attributed the abdominal pain to Mirena on March 4, 2010, prompting her to seek treatment. Plaintiff's medical records [26-1] from March 7, 2010, contains the following note: "AFTER SEENING [sic] AD ON TV ABT MIRENA AND ABD PAIN, C/O ABD PAIN SINCE THURSDAY. CALLED DR CONNELL'S OFFICE HAS APPT THIS THURSDAY FOR SAME. HAS NOT TRIED ANY OTC PAIN MEDS."

Construing this document in the light most favorable to Plaintiff, all it establishes is that she saw a television commercial about Mirena at some point between March 4, 2010, and March 7, 2010, and that it caused her to be concerned about abdominal pain she had been experiencing since March 4, 2010. If, for example, she did not actually attribute the symptom to Mirena until March 6, 2010, her complaint was timely filed. The Court concludes, therefore, that a genuine issue of material fact exists as to when Plaintiff attributed her injury/symptoms to Mirena.

2.  *MPLA Design, Manufacturing, and Warning Defect*

Product liability actions are subject to a three-year statute of limitation. MISS. CODE ANN. § 15-1-49(1); *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 836 (Miss. 2010); *Alexander v. Wyeth*, 897 F. Supp. 2d 489, 490 (S.D. Miss. 2012). A product liability

6

action accrues when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. MISS. CODE ANN. § 15-1-49(2); *McLemore*, 54 So. 3d at 836; *Caves v. Yarbrough*, 991 So. 2d 142, 155 (Miss. 2008). For the same reasons stated above, the Court denies Defendant's motion as to this issue.

### 3. *Negligent Misrepresentation*

Negligent misrepresentation claims are subject to a three-year statute of limitation. MISS. CODE ANN. § 15-1-49(1); *Rankin v. Am. Gen. Fin., Inc.*, 912 So. 2d 725, 726 (Miss. 2005); *Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 468 (S.D. Miss. 2003). A negligent misrepresentation claim accrues when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007); *Oaks v. Sellers*, 953 So. 2d 1077, 1081-83 (Miss. 2007). For the same reasons stated above, the Court denies Defendant's motion as to this issue.

### 4. *Fraud/Fraudulent Misrepresentation*

Fraud claims are subject to a three-year statute of limitation. MISS. CODE ANN. § 15-1-49(1); *Sanderson Farms, Inc. v. Ballard*, 917 So. 2d 783, 789 (Miss. 2005). "A fraud claim accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud . . . ." *Ballard*, 917 So. 2d at 789. It is undisputed that Plaintiff received the Mirena device on October 22, 2009. She filed her complaint on March 5, 2013 – over three years after the consummation of the alleged fraud. Her fraud claims, therefore, are barred by the applicable statute of limitations.

*5.     Breach of Implied/Express Warranties*

The parties disagree as to the statute of limitation applicable to Plaintiff's breach of warranty claims. Defendant applies the three-year statute of limitation applicable to MPLA warranty claims, while Plaintiff applies the six-year statute of limitation applicable to UCC warranty claims. It is not necessary for the Court to address this issue. Even if the three-year period applies, this aspect of Defendant's motion must be denied for the same reasons stated above.

*6.     Negligent Infliction of Emotional Distress*

Claims for negligent infliction of emotional distress are subject to a three-year statute of limitation. Miss. Code Ann. § 15-1-49(1); *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 422 (Miss. 2010). They accrue when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. MISS. CODE ANN. § 15-1-49(2). For the same reasons stated above, the Court denies Defendant's motion as to this issue.

*8.     Strict Liability*

The MPLA provides the exclusive remedy for strict liability claims against the manufacturer or seller of a defective product. *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011); *Dykes*, 869 F. Supp. 2d at 749. Plaintiff's "strict liability" claims are, therefore, restatements of her MPLA claims, and for the same reasons stated above, the Court denies Defendant's statute of limitation argument.

## C.  *Failure to State a Claim*

Defendant also argues that each of Plaintiff's claims must be dismissed pursuant

to Rule 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of

action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

   1.   *Negligence/Gross Negligence*

The MPLA subsumed common law negligence claims based on a defective product. *Gardley-Starks v. Pfizer, Inc.*, 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013); *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 844-45 (S.D. Miss. 2010). Therefore, to the extent Plaintiff asserted negligence claims arising from alleged design or manufacturing defects, they are dismissed for the same reason as those MPLA claims, as discussed below. To the extent Plaintiff asserted a negligence claim arising from a warning defect, that claim is subsumed by Plaintiff's MPLA warning defect claim.

   2.   *MPLA Design Defect*

This Court has explained the pleading requirements for MPLA claims. *See Adams v. Energizer Holdings, Inc.*, 2013 U.S. Dist. LEXIS 56432, at *7-*10 (S.D. Miss. Apr. 19, 2013); *Deese v. Immunex Corp.*, 2012 U.S. Dist. LEXIS 17342, at *5-*11 (S.D. Miss. Feb. 13, 2012). Both *Adams* and *Deese* – informed by the requirements of MISS. CODE ANN. § 11-1-63 – provide clear, concise explanations of what an MPLA plaintiff must plead to survive a 12(b)(6) motion. *Adams*, 2013 U.S. Dist. LEXIS 56432 at *7-*10; *Deese*, 2012 U.S. Dist. LEXIS 17342 at *5-*11.

When an MPLA plaintiff asserts a design defect claim:

   (a)   The manufacturer . . . of the product shall not be liable if the

>claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
>>(i) . . . The product was designed in a defective manner, . . . ; and
>>
>>(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>>
>>(iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
>
>>\* \* \*
>
>(f) In any action alleging that a product is defective because of its design . . . , the manufacturer . . . shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
>>(i) The manufacturer . . . knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought; and
>>
>>(ii) The product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

MISS. CODE ANN. § 11-1-63(a), (f) (2013). Thus, the Court held that "plaintiffs necessarily must identify some defect in the design of the product . . . ." *Adams*, 2013 U.S. Dist. LEXIS 56432 at \*7; *see also Deese*, 2012 U.S. Dist. LEXIS 17342 at \*7 (plaintiff must allege what was defective about the design). An MPLA plaintiff may not allege "in the most conclusory fashion only that the products were defective, without

suggesting even generally the nature of any defect." *Adams*, 2013 U.S. Dist. LEXIS 56432 at *7.

Here, Plaintiff failed to identify Mirena's design defect. She alleged that it is defective in design, but she did not explain – even in the simplest terms – what the defect is. To be sure, Plaintiff alleged that Mirena increases the risk of various health problems. But that is the effect of the alleged defect, rather than the cause, the defect itself. In short, Plaintiff did not allege any facts indicating how Mirena is defective in design, or what it is about the product that caused her illnesses. Accordingly, she failed to state a claim for a design defect under the MPLA.

### 3. *MPLA Manufacturing Defect*

When an MPLA plaintiff asserts a manufacturing defect claim:

(a) The manufacturer . . . of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

 (i) . . . The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, . . . ; and

 (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

 (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

MISS. CODE ANN. § 11-1-63(a) (2013). Thus, the Court held that a plaintiff must "allege how the subject product(s) deviated from the manufacturers' specifications or other

units." *Adams*, 2013 U.S. Dist. LEXIS 56432 at *8; *see also Deese*, 2012 U.S. Dist. LEXIS 17342 at *7 (plaintiff must allege how the product deviated in a material way from the manufacturer's specifications or other units).

Here, Plaintiff failed to allege specific facts demonstrating that her Mirena device deviated from the manufacturer's specifications or other units. Indeed, it does not appear that she even made a conclusory allegation that it deviated from the manufacturer's specifications or other units. Accordingly, she failed to state a claim for a manufacturing defect.

   *4. MPLA Warning Defect*

When an MPLA plaintiff asserts a warning defect claim:

(a) The manufacturer . . . of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

  (i) . . . The product was defective because it failed to contain adequate warnings or instructions, . . . ; and

  (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

  (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

      \* \* \*

(c) (i) In any action alleging that a product is defective because it failed to contain adequate warnings or instructions . . . , the manufacturer . . . shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer . . . , the

> manufacturer . . . knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition.
>
> (ii) An adequate product warning or instruction is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product; or in the case of a prescription drug, medical device or other product that is intended to be used only under the supervision of a physician or other licensed professional person, taking into account the characteristics of, and the ordinary knowledge common to, a physician or other licensed professional who prescribes the drug, device or other product.

MISS. CODE ANN. § 11-1-63(a), (c) (2013).

As provided in Subsection (c)(ii), "[w]hen the product is a prescription drug, Mississippi follows the 'learned intermediary doctrine' which holds that the manufacturer's failure to warn the patient of the product's risks does not render the product defective or unreasonably dangerous so long as the manufacturer adequately warns the learned intermediary." *Deese*, 2012 U.S. Dist. LEXIS 17342 at *10. Therefore, "the drug manufacturer has a duty to adequately warn the prescribing physician of any known adverse effects which might result from use of its prescription drugs," but the "duty to warn only extends to physicians and not to laymen." *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988).

Plaintiff alleged sufficient facts to state a warning defect claim under the MPLA. She alleged that the product was defective because it did not include a sufficient

warning that it may increase the risk of cysts, abdominal pain, and menstrual disorders – all conditions that she experienced. She alleged that using the product caused her to suffer these conditions, and that if the product had warned of those side effects, her physician would not have prescribed it. That is sufficient to state a warning defect claim under the MPLA. *See Deese*, 2012 U.S. Dist. LEXIS 17342 at *14-*16.

Defendant argues that Plaintiff failed to allege how the side-effect warnings were insufficient, but Plaintiff alleged that the side-effect warnings were inaccurate and/or ambiguous. Plaintiff certainly could have provided more detail, but this is sufficient. She identified the warnings which were defective. She stated that they were inaccurate and/or ambiguous, and that her physician would not have prescribed Mirena but for the inaccuracy/ambiguity. That is sufficient notice heading into discovery, albeit by a slim margin.

Defendant is correct, though, that Plaintiff failed to state a claim for the failure to warn of side effects which Plaintiff did not suffer, such as perforation, migration, or ectopic pregnancy. If Plaintiff did not suffer from those conditions, Defendant's failure to warn of them did not cause any injury.

For all of these reasons, the Court denies Defendant's motion with respect to Plaintiff's claim that Defendant failed to provide a sufficient warning that Mirena would increase the risk of the side effects which Plaintiff allegedly experienced, but the Court grants the motion with respect to any warning defect claim pertaining to side effects which Plaintiff did not experience.

    5.    *Negligent Misrepresentation*

The MPLA subsumed common law misrepresentation claims based on a defective product. *Gardley-Starks*, 917 F. Supp. 2d at 602; *McSwain*, 689 F. Supp. 2d at 844-45. Therefore, to the extent Plaintiff asserted misrepresentation claims arising from a design or manufacturing defect, they are dismissed for the same reason as those MPLA claims. To the extent Plaintiff asserted a misrepresentation claim arising from a warning defect, that claim is subsumed by Plaintiff's MPLA warning defect claims.

6. *Breach of Express Warranty*

"The Mississippi Products Liability Act does not abrogate a statutory cause of action for breach of implied warranty as grounds for recovery, or, for that matter, any warranty claims." *McKee v. Bowers Window & Door Co.*, 64 So. 3d 926, 940 (Miss. 2011); *see also Murray v. GM, LLC*, 479 F. App'x 175, 179 (5th Cir. 2012); *McSwain*, 689 F. Supp. 2d at 849. While such warranty claims are not abrogated by the MPLA, they are subject to MPLA limitations. *Murray*, 478 F. App'x at 179 (applying MPLA defense to UCC warranty claim). The MPLA requires that a plaintiff prove that "the product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product." MISS. CODE ANN. § 11-1-63(a)(i)(4). The UCC provides: "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." MISS. CODE ANN. § 75-2-313(1)(a).

The Third Amended Complaint contains no specific facts in support of Plaintiff's express warranty claim. Plaintiff failed to identify a specific factual representation or

promise made by Defendant upon which she relied in electing to use Mirena. Accordingly, she failed to state a claim for breach of an express warranty under either the MPLA or the UCC. *McSwain*, 689 F. Supp. 2d at 848 (summary judgment appropriate where no evidence of an express factual representation); *Garcia v. Premier Home Furnishings*, 2013 U.S. Dist. LEXIS 110527, at *17 (S.D. Miss. Aug. 6, 2013) (no possibility of recovery where complaint contained no specific facts regarding an express warranty); *Deese*, 2012 U.S. Dist. LEXIS 17342 at *18-*19.

    7.    *Breach of Implied Warranty of Merchantability*

As noted above, the MPLA did not abrogate UCC warranty claims, but they are still subject to MPLA limitations. *McKee*, 64 So. 3d at 940; *Murray*, 479 F. App'x at 179. "[A] warranty that goods will be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." MISS. CODE ANN. § 75-2-314(1). To recover, a plaintiff must prove "(1) [t]hat a 'merchant' sold 'goods,' and he was a merchant with respect to 'goods of the kind' involved in the transaction, (2) which were not merchantable at the time of the sale, and (3) injuries and damages to the plaintiff or his property, (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Watson v. Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 834 (Miss. 2008). With respect to the last element, the Mississippi Supreme Court noted that "though there may have been a breach of the warranty of merchantability, the seller has a right to attempt cure. An opportunity for the seller to cure is a reasonable requisite of a buyer's right of recovery." *Id.* at 834-35.

According to the Mississippi Supreme Court, a plaintiff must prove that she

17

provided notice to the seller that goods are not merchantable so that it may attempt to cure the breach; it is an element of the claim. *Id.* Therefore, to survive a 12(b)(6) motion, a plaintiff must plead specific facts demonstrating that she provided such notice. *Iqbal*, 556 U.S. at 664, 129 S. Ct. 1937; *Hershey*, 610 F.3d at 246. Plaintiff did not allege any facts which demonstrate that she provided Defendant with notice of her injury. Accordingly, she failed to state a claim for breach of the implied warranty of merchantability.

### 8.   *Negligent Infliction of Emotional Distress*

The MPLA subsumed common law claims for negligent infliction of emotional distress arising from a defective product. *Adams*, 2013 U.S. App. LEXIS 56432 at *6 n. 1. Therefore, to the extent Plaintiff asserted negligent infliction of emotional distress claims arising from a design or manufacturing defect, they are dismissed for the same reason as those MPLA claims. To the extent Plaintiff asserted a negligent infliction of emotional distress claim arising from a warning defect, that claim is subsumed by Plaintiff's MPLA warning defect claims.

### 9.   *Strict Liability*

The MPLA provides the exclusive remedy for strict liability claims against the manufacturer or seller of a defective product. *Lawson*, 75 So. 3d at 1027. Therefore, to the extent Plaintiff asserted strict liability claims separate from her MPLA claims, those claims are dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part**

Defendant's Motion to Dismiss [32]. Specifically the Court holds:

- Plaintiff's fraud-based claims are barred by the applicable statute of limitation, but there is a genuine dispute of material fact as to whether Plaintiff's remaining claims are barred by the applicable statute of limitation;

- Plaintiff failed to state a claim for any negligence-based actions arising from design or manufacturing defects, and her negligence claim arising from warning defects is subsumed by the MPLA;

- Plaintiff failed to state a claim under the MPLA for a design or manufacturing defect, but she alleged sufficient facts to state an MPLA claim for a warning defect;

- Plaintiff failed to state a claim for negligent misrepresentation arising from design or manufacturing defects, and her negligent misrepresentation claim arising from warning defects is subsumed by the MPLA;

- Plaintiff failed to state a claim breach of an express warranty or breach of the implied warranty of merchantability;

- Plaintiff failed to state a claim for negligent infliction of emotional distress arising from design or manufacturing defects, and her negligent infliction of emotional distress claim arising from warning defects is subsumed by the MPLA; and

- Plaintiff's claims for strict liability are dismissed.

SO ORDERED AND ADJUDGED this 25th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE